**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| MCM MANAGEMENT CORPORATION, | Case No. 1:23-CV-594 |
| Plaintiff, | Judge Michael R. Barrett |
| v. | |
| NAUTILUS INSURANCE COMPANY, | **ORDER** |
| Defendant. | |

This matter is before the Court on Defendant Nautilus Insurance Company's motion to transfer venue to the United States District Court for the Eastern District of Michigan. (Doc. 13). Plaintiff MCM Management Corporation has responded in opposition, (Doc. 15), and Nautilus has replied, (Doc. 16). For the following reasons, the Court will grant the motion to transfer.

I. **Background**

In 2020, MCM was hired to perform demolition services at the Beckjord Generating Station, located in New Richmond, Ohio. MCM's primary objectives were the demolition of "Unit 6" and the demolition of a large chimney stack. (Doc. 3, PageID 114). The work on Unit 6 commenced on or around October 31, 2020, and although debris fell along the shoreline of the Ohio River, MCM contends that it "had no knowledge or reason to believe that any debris from the Unit 6 demolition had entered the navigable waters of the Ohio River (beyond the referenced shoreline area)." (*Id.*). This is disputed by Nautilus, which

1

says that "MCM was notified that debris from Unit 6 entered the Ohio River by email on January 21, 2021." (Doc. 13, PageID 355).

The chimney smokestack was imploded on February 22, 2021, "and portions of the stack entered the navigable waters of the Ohio River." (Doc. 3, PageID 115). MCM notified Nautilus of its claim regarding the smokestack debris on April 8, 2021, but Nautilus asserts that "MCM's claim for coverage did not include Unit 6," which MCM included in a separate claim for coverage for Unit 6 debris cleanup on November 1, 2021. (Doc. 13, PageID 355).

Following an investigation, Nautilus denied coverage for the Unit 6 claim "in part because MCM's late notice prejudiced Nautilus and also because MCM's work to remove of the debris without consent from Nautilus breached the Nautilus Policy's voluntary payment provision." (*Id.*). MCM claims that it only learned of the Unit 6 debris in navigable waters of the river in October 2021, and thus made its formal claim "[a]s soon as practical thereafter." (Doc. 3, PageID 117). This action ensued.[1]

After Nautilus removed this matter from the Clermont County Court of Common Pleas in September 2023, (Doc. 1), it filed an answer to MCM's complaint, (Doc. 8), and the parties submitted a Rule 26(f) report, (Doc. 10). However, shortly after Nautilus submitted its initial disclosures in February 2024, it filed the instant motion to change venue. (Doc. 13). Briefing is complete on that question, and the issue is now ripe for the Court's review.

---

[1] Over the course of Nautilus's investigation, MCM apparently conducted cleanup operations mandated by the U.S. Army Corps of Engineers. (*See* Doc. 3, PageID 118-19). The Court will not detail that timeline, though, because it is largely irrelevant for the purposes of this venue transfer analysis.

II.    **Standard of Law**

In relevant part, the statute governing changes of venue provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). District courts retain broad discretion to adjudicate motions to transfer venue on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org. Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). Not all factors are applicable in every case and "no one factor is determinative" in a convenience analysis. *Greenfield Prods. v. Batesville Tool & Die, Inc.*, No. 1:08-cv-38, 2008 U.S. Dist. LEXIS 32481, at *12 (S.D. Ohio Apr. 2, 2008).

A plaintiff's original choice of venue is typically entitled to considerable weight, but courts must nevertheless "evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Constr. Co. Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 62 (2013). "Additional factors to be considered when evaluating whether a transfer is appropriate under § 1404(a) include 'the nature of the suit; the place of the events involved; . . . and the residence of the parties.'" *Greenfield Prods. v. Batesville Tool & Die, Inc.*, No. 1:08-cv-38, 2008 U.S. Dist LEXIS 32481, at *11 (S.D. Ohio Apr. 2, 2008) (quoting *Artisan Dev., Div. of Kaiser Aetna v. Mountain States Dev. Corp.*, 402 F.Supp. 1312, 1314 (S.D. Ohio 1975)). The moving party ultimately bears the burden of showing that transfer under § 1404(a) will serve the interests of justice and not merely shift inconvenience from one party to another. *Hanning v. New England Mut. Life Ins. Co.*, 710 F.Supp. 213, 215 (S.D. Ohio 1989).

III.    **Analysis**

First, the Court notes that there is no dispute over "whether the action 'might have been brought'" in the Eastern District of Michigan. *Kay v. Nat'l City Mortg. Co.*, 494 F.Supp.2d 845, 849 (S.D. Ohio 2004). That court possesses subject matter jurisdiction over this action and venue is otherwise proper there, just as it is here. *See Sky Tech. Partners, LLC v. Midwest Research Inst.*, 125 F.Supp.2d 286, 291 (S.D. Ohio 2000). In addition, Nautilus has indicated that it is amenable to process issuing out of that court. The question, then, is whether a transfer to the Eastern District of Michigan is justified on convenience grounds and in the interest of justice. *See* 28 U.S.C. § 1404(a).

Nautilus asks the Court to transfer this matter to the Eastern District of Michigan because that district is a more convenient forum to resolve the claims brought by MCM, a Michigan corporation. MCM argues that a venue transfer is inappropriate because both parties conduct business in the Southern District of Ohio and the incident giving rise to the suit also occurred here. Although conceding that venue is proper in both districts, MCM contends that the action must remain in this Court because Nautilus is engaged in forum shopping and waited too long to move for a transfer.

As noted, a plaintiff's choice of forum is generally entitled to substantial weight. However, this Court has held repeatedly that "a plaintiff's choice of forum is entitled to somewhat less weight when the case is removed to federal court because the plaintiff is no longer in his or her chosen forum, which was state court." *Sky Tech. Partners*, 125 F.Supp.2d at 292. Moreover, "[w]hen the plaintiff chooses a forum that is not his residence, his choice is given less weight." *Schoenfeld v. Mercedes-Benz USA, LLC*,

2021 U.S. Dist. LEXIS 152480, at *6 (S.D. Ohio Aug. 12, 2021); *see Kay*, 494 F.Supp.2d at 850.

To be sure, the events leading to this dispute took place in the Southern District of Ohio. But as Nautilus notes, "the incident giving rise to this action . . . has no other relevant relationship to this dispute. The debris has been cleaned up. There is no need to or benefit in inspecting the site." (Doc. 13, PageID 362). Most compelling to the Court for the purpose of this analysis is that the insurance contract at the center of this matter was issued in Michigan to a corporation headquartered in the Eastern District of Michigan. (Doc. 16, PageID 381).

Ultimately, neither party is based in the Southern District in Ohio, the bulk of potential witnesses are not located in the Southern District of Ohio, and the relief sought would not be provided in the Southern District of Ohio. Thus, the Court finds that the relevant public and private considerations[2] weigh in favor of a transfer, and exercises its discretion to do so.

## IV.  Conclusion

For the foregoing reasons, the motion to transfer venue, (Doc. 13), is **GRANTED**. This matter is **TRANSFERRED** to the United States District Court for the Eastern District of Michigan, pursuant to 28 U.S.C. § 1404(a).

**IT IS SO ORDERED.**

_/s/ Michael R. Barrett_
Michael R. Barrett
United States District Judge

---

[2] The Court also notes briefly that the caseload discrepancy between the districts, drawn from tables published by the Administrative Office of the U.S. Courts, weighs in favor of a transfer.